UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH D. FRISBY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-015 |
| | § | |
| LUMBERMENS MUTUAL CASUALTY COMPANY; | § | |
| SPECIALTY RISK SERVICES; AND | § | |
| KAREN LAFLEUR, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is Frisby's renewed motion for remand. Dkt. 30. Upon consideration of the motion, the defendants' response, the applicable law, and the current record, Frisby's motion will be GRANTED.

### BACKGROUND

For a detailed recitation of the facts, please refer to the court's previous order denying remand. Dkt. 16. On January 3, 2007, defendants removed this case to federal court based on the theory of improper joinder. Dkt. 1. Soon thereafter, Frisby moved the court for remand arguing that under Texas law an insurance adjuster could be held liable for violations under the Texas Insurance Code, and therefore he did not name LaFleur as defendant for the sole purpose of defeating diversity. Dkt. 13. On February 20, 2007, the court denied Frisby's motion for remand finding that—based on the record before it—La Fleur had been improperly joined. Dkt. 16. On July 3, 2007, prompted by the Fifth Circuit's ruling in *Gasch v. Hartford Accident & Indemnity Company*, Frisby again moved for remand. Dkt. 30.

### STANDARD

In its previous order, the court stated the standard for reviewing a motion to remand when removal was predicated on improper joinder. Dkt. 16. However, it bears repeating in part. "Federal courts are courts of limited jurisdiction." *Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). To establish subject matter jurisdiction predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. But, a case may be removed despite a non-diverse defendant, if that defendant was improperly joined, i.e. was named for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The burden to demonstrate that federal jurisdiction is proper lies on the party seeking removal. *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). "As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns' and as such must be strictly construed." *Gasch v. Hartford Accident & Indem. Co.*, __ F.3d __, 2007 WL 1847141, at *2 (5th Cir. June 28, 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). Therefore, when a removing party alleges improper joinder, it falls to that party to prove the "fraud." *B, Inc.*, 663 F.2d at 549.

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). In the course of this analysis, the court may choose to perform a Rule 12(b)(6)-type analysis, or in its discretion it may pierce the pleadings and perform a summary judgment-type inquiry. *Id.* at 573; *LeJeune v. Shell Oil*

*Co.*, 950 F.2d 267, 271 (5th Cir. 1992). As more fully explained in its previous order, the court determined that because of the scant facts in Frisby's original state petition, a summary judgment-type inquiry was required. Therefore, the inquiry no longer centered on the plaintiff's state court petition, but on the record as a whole and summary judgment evidence offered by the parties. *Smallwood*, 385 F.3d at 573.

Under this type of inquiry, contested issues of fact should be resolved in the non-movant's favor, but only when there is actual controversy. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 282, 393 (5th Cir. 2000). "[T]he mere assertion of metaphysical doubt as to the material facts is insufficient to create an issue if there is no basis for those facts." *Id.* (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993) (internal quotations omitted)). Unlike a summary judgment, however, "any uncertainties as to the current state of controlling substantive law [must be resolved] in favor of the plaintiff." *B., Inc.*, 663 F.2d at 549.

## ANALYSIS

In his renewed motion Frisby argued that the court improperly relied on *Hornbuckle v. State Farm Lloyds* when the proper standard was to be found in *Smallwood v. Illinois Central Railroad*. In *Smallwood*, the Fifth Circuit held that

> when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.

385 F.3d 568, 574 (5th Cir. 2004) (en banc). Frisby argued that since the court found no reasonable basis for liability against LaFleur, the standard in *Smallwood* required that the case be remanded. The defendants countered that in order for *Smallwood* to apply, the same defense that precludes liability for LaFleur must also preclude liability for all of the named defendants. Dkt. 40; *see*

*Smallwood*, 385 F.3d at 576 ("[O]ur holding today is narrow. It applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants.") Here, they argued that was not the case. In support of this argument, they pointed to the fact that Frisby alleged one additional violation of the Texas Insurance Code against Lumbermens alone. Therefore, the common defense concept could not dispense of all of the claims against all of the defendants.

As a threshold matter, the court notes the paradox created by the *Smallwood* common defense concept. In order to remain in the federal forum, as is their wish, the diverse defendants must effectively argue that the theory of liability that failed against the non-diverse defendant could work, at least in theory, against them. All the while, they must be careful not to preclude any later arguments they may want to make. Conversely, once it becomes clear that the federal court has found improper joinder and will not remand, the plaintiff must argue that his claims are equally meritless as to all defendants. This forces the court to theorize a possible outcome based on hypothetical examples and incomplete evidence. And it puts all of the parties in the unenviable position of arguing contrary to their interests while running the risk of making judicial admissions that could haunt them later. Paradox or not, *Smallwood* is the test for improper joinder.

In February when it denied Frisby's motion to remand, the court did so in compliance with both *Hornbuckle* and *Smallwood*. In *Hornbuckle*, the Fifth Circuit held that an insurance adjuster could be found liable under the Texas Insurance Code, but only if the adjuster, as an individual, committed the violation that caused the harm. *Hornbuckle*, 385 F.3d at 544. *Smallwood* addressed improper joinder and created the common defense theory discussed above. *See Smallwood*, 385 F.3d

at 574. Contrary to Frisby's assertions, these two cases are not antithetical. A melding of the two rules led to a two-step inquiry. First, the court asked whether, based on the record at the time, Frisby could establish a cause of action against LaFleur—the non-diverse party—in state court. The court answered no to this first question. The court's reasoning was based on two main facts found in the record before it: (1) the record established that none of the denials of coverage came from LaFleur, but rather from independent physicians and Genex—the nurse case management firm that reviewed preauthorization procedures for reasonableness and necessity; and (2) LaFleur had no authority to control any decisions made by Genex. Second, having determined for the purposes of the improper joinder inquiry that La Fleur could not be held liable for the acts alleged against her, the court turned to the *Smallwood* inquiry. The court reviewed whether, based on the record before it, the defense that likely precluded LaFleur from liability would equally dispose of all other defendants. Based on the record at that time, the court answered no to the second question. Under Texas law, an insurance company may be held liable for the acts of agents if the company in its role as principal "has the right to control the agent with respect to the details of that conduct." *TIG Ins. Co. v. Sedgwick James of Wash.,* 276 F.3d 754, 760 (5th Cir. 2002); *State Farm Mut. Auto. Ins. Co. v. Estate of Davidson*, 980 S.W.2d 625, 627 (Tex. 1998). The record reflected that LaFleur and SRS had no authority over Genex, but was silent regarding who had actually contracted with Genex to make preauthorization decisions. A court may not "in the absence of any proof, assume that the [plaintiff] could or would prove the necessary facts." *Badon*, 224 F.3d at 393 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Therefore, the court found that under an agency theory, Lumbermens could have had control over the denials by Genex. As such, Lumbermens did not meet the *Smallwood* test because the common defense did not apply to it.

However, the same inquiry when performed in light of the current record yields a different result. Both SRS and Lumbermens have since moved for summary judgment, adding more evidence to the record as a whole. Dkts. 36 & 39. SRS has moved for summary judgment stating that because any liability it had was predicated solely upon LaFluer's actions, "Plaintiff's claims against LaFleur must be dismissed, Plaintiff's claims against SRS must also be dismissed." Dkt. 36. By aligning its defense with LaFleur's, SRS has put itself within the boundaries of *Smallwood*. Additionally, the record had already demonstrated to the court that SRS had no authority over Genex or either of the independent physicians. Therefore, liability against SRS would have failed even under the record as presented to the court in it original order denying remand.

Lumbermens' motion for summary judgment also adopted LaFleur's defense. Dkt. 39. More notably however, Lumbermens also argued that it was not responsible for any denials made by Genex because Genex was retained by Administaff (the plaintiff's employer), not Lumbermens. Lumbermens attached the affidavit of Barbara Lancaster to that effect. Dkt. 39, Ex. E. Based on that evidence, the defense that disposed of LaFleur now equally applies to all of the defendants including the additional claim solely against Lumbermens, putting the case squarely within *Smallwood*. The denials of care and the supervision of Genex were not under the control of Lumbermens. The agency theory under which Lumbermens remained as a separate defendant fails in light of this new evidence. The court makes no determination as to the ultimate liability of any party. However, for the purposes of this inquiry, LaFleur's defense has become a common defense: All denials were made by Genex who was not an agent of any of the defendants.

## Conclusion

The Fifth Circuit in *Smallwood* held that "[w]hen the only proffered justification for improper

joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone" the defendants have not met their burden to show that the non-diverse defendant was added solely to defeat diversity. *Smallwood*, 385 F.3d at 575. Based on the record now before the court, the defendants have failed to meet their burden under *Smallwood*. Accordingly, the court lacks subject matter jurisdiction and under 28 U.S.C. § 1447(c) the motion to remand will be GRANTED.

It is so ORDERED.

Signed at Houston, Texas on July 25, 2007.

_____
Gray H. Miller
United States District Judge